## Commonwealth *v.* Shank, Appellant.

*Edward F. Browne, Jr.*, Assistant Public Defender, for appellant.

*Ronald L. Buckwalter*, Assistant District Attorney, and *D. Richard Eckman*, District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., June 14, 1973:

Appellant asks that his sentence be vacated on the ground that the lower court erred in accepting his guilty plea.

The colloquy between the lower court and appellant was as follows: "THE COURT: First of all, I think I should say, Mr. Shank, are you entering this plea of your own free will? THE DEFENDANT: I am entering this plea because I have been in jail. I made a change in myself. I see I can not get a fair trial here. And— THE COURT: You would not get a fair trial here? THE

DEFENDANT: What I am saying is, the place where this is supposed to have happened, you have to see what kind of place this is and how these people live. He offered me a good deal and I accepted it. THE COURT: Are you saying that you didn't commit this offense? Well, gentlemen, he put us in a box. I cannot accept his guilty plea if he says he is not guilty. THE DEFENDANT: I am pleading guilty so I can get;— THE COURT: Tell me you are guilty or you will stand trial. This is not a threat. If you are telling the Court you are not guilty, I am not accepting your guilty plea. THE DEFENDANT: I'll take the bargin [sic] plea and— THE COURT: Are you guilty of these offenses? THE DEFENDANT: I'll say I am guilty. THE COURT: Have you been pressured or forced into pleading guilty? THE DEFENDANT: No. THE COURT: Do you know what the offenses are? THE DEFENDANT: Sodomy, burglary and larceny, yes. THE COURT: You are well aware of what the nature of these crimes are? THE DEFENDANT: Yes. THE COURT: You are pleading guilty to these of your own free will and accord? THE DEFENDANT: Yes."

Appellant's argument is that a court may not accept a guilty plea unless accompanied by an unqualified admission of guilt, and that his plea was "ambiguous at best."

The cases holding that a guilty plea should not be accepted if the defendant asserts facts that might constitute a defense, *Commonwealth v. Blackman,* 446 Pa. 61, 285 A. 2d 521 (1971) ; *Commonwealth v. Sampson,* 445 Pa. 558, 285 A. 2d 480 (1971) ; *Commonwealth v. Roundtree,* 440 Pa. 199, 269 A. 2d 709 (1970), are based on the principle that a person cannot intelligently plead guilty if he is unaware that he has a defense. "It is axiomatic that for a plea of guilty to be constitutionally valid, it must be the voluntary and intelligent act of the maker." *Commonwealth v. Cottrell,* 433 Pa. 177, 178, 249 A. 2d 294 (1969).

It does not follow from these cases, however, that an accused must admit his guilt before his guilty plea may be accepted. In *North Carolina v. Alford*, 400 U.S. 25 (1970), the court upheld a guilty plea accompanied by an assertion of innocence when there was substantial independent evidence of guilt; and *Commonwealth v. Reagan*, 447 Pa. 186, 290 A. 2d 241 (1972), has followed *Alford* in holding that a guilty plea is acceptable even if solely motivated by the appellant's fear of the death penalty. As observed in *Commonwealth v. Sampson, supra* at 563, 285 A. 2d at 483, a distinction must be drawn: ". . . it is readily apparent that a guilty plea coupled solely with a flat denial of responsibility is entirely separate and distinct from a guilty plea accompanied by an assertion of facts establishing an affirmative defense; in the latter situation, it is error to accept the guilty plea."

*Commonwealth v. Thomas*, 221 Pa. Superior Ct. 418, 293 A. 2d 615 (1972), reversed by the Supreme Court at 450 Pa. 548, 301 A. 2d 359 (1973), is not to the contrary. There this Court set aside the sentence where the defendant, charged with possession and sale of drugs, pleaded guilty but later told the judge that he had never sold or used drugs. The Supreme Court reversed because the protestation of innocence was not made until thirty-five days after the plea was validly accepted, just before sentencing; the court made no comment on whether it would have been error to accept the plea if the protestation had been made at the time of the plea.

Thus, what must be decided in each case is whether the defendant understands what he is doing; and on review the appellate court will look to the colloquy to determine whether he did.

In the present case it sufficiently appears that appellant did understand what he was doing. It would have been better for the lower court or counsel to de-

velop the record so that the facts surrounding the incident appeared. However, appellant stated that he understood the charges against him and that he wished to plead guilty; and although he equivocated, he never made any denial of guilt, not even "a flat denial", much less one "accompanied by an assertion of facts." *Commonwealth v. Sampson, supra* at 563, 285 A. 2d at 483.

The order of the lower court is affirmed.