## Commonwealth *v.* Sanutti, Appellant.

Submitted January 8, 1973. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy and Manderino, JJ.

*Leonard Sosnov, Andrea Levin,* and *Jonathan Miller,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*James Garrett* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Pomeroy, November 26, 1973:

Appellant, Anthony Sanutti, was convicted on a plea of guilty to receiving stolen goods and was sentenced to a term of one-to-five years. No direct appeal was taken. He is before us on a grant of allocatur following the Superior Court's *per curiam* affirmance of the dismissal after hearing of appellant's petition under the Post Conviction Hearing Act. Our review convinces us that appellant's post-conviction claim that his guilty plea was not knowing and intelligent is without merit. Accordingly, we will affirm.

On October 5, 1970, Sanutti was called to trial on an indictment charging larceny and receiving stolen goods. That same day defense counsel and the prosecuting attorney met with the trial judge in chambers to discuss the possibility of Sanutti pleading guilty. While no transcript of that meeting exists, it is not controverted that a guilty plea was in fact discussed. After returning to open court, the assistant district attorney and defense counsel informed the court of Sanutti's intention to plead guilty. Appellant was then sworn and an extensive colloquy placed on record in which Sanutti revealed his understanding of the consequences of the plea, denied the existence of any promises or commitments made to induce his plea, and acknowledged his awareness of the fact that the court was at liberty to sentence as it saw fit within statutory limitations. After acceptance of the plea and on request of appellant's counsel, the court then dispensed with a presentencing report. The assistant district attorney stated that the Commonwealth "[had] no recommendation in this matter." Appellant was sentenced to a term of one-to-five years.[1] Defense counsel immediately re-

---

[1] Appellant's trial counsel in his PCHA testimony explained that he desired immediate sentencing because his client was a truck

quested that the court "reconsider . . . or at least order a pre-sentence investigation. . . ." The court declined to do so.[2]

There is no record as to what exactly was said by the trial court to defense counsel at the conference in chambers. Both the Commonwealth and defense counsel agree, however, that *the court made no commitment* to impose probation rather than a prison term. Following this conference, defense counsel conveyed the fact of the meeting with the judge to appellant and informed him that he, counsel, thought it "more likely than not" that a plea of guilty would produce a sentence of probation only. Although counsel would not say that he expressed his conclusion to his client in the form of a promise, he conceded that "it was pretty close to it."

We have held in the past that disappointed expectations *alone* do not vitiate guilty pleas. *Commonwealth v. White*, 446 Pa. 378, 288 A. 2d 759 (1972); *Commonwealth v. Henderson*, 441 Pa. 255, 272 A. 2d 182 (1971); *Commonwealth v. Kirkland*, 413 Pa. 48, 195 A. 2d 338 (1963). We have at the same time viewed as invalid pleas entered on the strength of a prosecutor's unkept bargain, *Commonwealth v. Alvarado*, 442 Pa. 516, 276 A. 2d 526 (1971). Indeed, the federal constitution mandates that we do so. *Santobello v. New York*, 404 U.S. 257, 30 L. Ed. 2d 427 (1971). Put somewhat differently, we do afford relief for defeated expectations where they are caused by the failure of the Commonwealth to perform its bargain. In this case, however, there is no proof whatever that the defeated expectation was in any way brought about either by the Commonwealth, which gave no indication of willingness to

---

driver, had a wife and three children, and could, if placed on immediate probation, continue in his employment without interruption.

[2] The larceny count was subsequently *nol prossed.*

accept probation as a sentence, or by the fact that the judge was present when the parties discussed a *possible* plea bargain. Indeed, in the light of the thorough on-record colloquy, the indications are to the contrary.[3]

In *Commonwealth v. Evans*, 434 Pa. 52, 252 A. 2d 689 (1969), this Court resolved to exclude the trial judge from participation in the plea bargaining process. We there held that "a plea entered on the basis of a *sentencing agreement* in which the judge participates cannot be considered voluntary," and we forbade "any participation by the trial judge in the plea bargaining *prior* to the offering of a guilty plea." We stated that the evil to be avoided lay in the risk that "[w]hen a judge becomes a participant in plea bargaining he brings to bear the full force and majesty of his office. . . . The unquestioned pressure placed on the defendant because of the judge's unique role inevitably taints the plea. . . ." (Emphasis supplied.) 434 Pa. at 54, 55-56, 57. See American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty §3.3(a), at 71 (Approved Draft, 1968) ("The trial judge should not *participate* in plea discussions"). We do not retreat from our *Evans* holding. "Participation", in the sense there used, denotes some active role in discussion or negotiation relative to a plea. It is to be avoided as undesirable and potentially unfair to a defendant for the reasons there stated, and particularly as summarized in the Commentary to Section 3.3(b) of the ABA Standards Relating to Pleas of Guilty (Approved Draft, 1968). The mere presence of a trial judge at a conversation between counsel at which the possibility of a plea bargain is mentioned does not amount to "participation by the trial judge in the plea bargaining." *Evans, supra,* at 55-56.

---

[3] The trial judge was not called as a witness at the post-conviction hearing.

The entering of a plea of guilty is a "grave and solemn act [in which] the defendant [admits] in open court that he committed the acts charged in the indictment." *Brady v. United States,* 397 U.S. 742, 748, 25 L. Ed. 2d 747 (1970). While there is no absolute right to withdraw such a plea, we have recently held that withdrawal *before* sentencing should be liberally allowed, i.e., for any fair and just reason unless the prosecution has been substantially prejudiced by reliance on the plea. *Commonwealth v. Forbes,* 450 Pa. 185, 299 A. 2d 268 (1973); *Commonwealth v. Woods,* 452 Pa. 546, 307 A. 2d 880 (1973). *After* sentence has been imposed, however, we have held that withdrawal would be justified only after "a showing of prejudice on the order of manifest injustice." *Commonwealth v. Starr,* 450 Pa. 485, 490, 491, 301 A. 2d 592 (1973). See ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty §2.1(a) and (b) (Approved Draft, 1968); Federal Rules of Criminal Procedure, Rule 32(d). See also *Commonwealth v. Scoleri,* 415 Pa. 218, 247, 202 A. 2d 521 (1964). We cannot find that a disappointed expectation, such as is alleged to have occurred in this case, by itself and without any demonstrated connection with any act of misrepresentation or breach of agreement on the part of the Commonwealth or the court, is injustice of any sort.[4]

Order affirmed.

Mr. Justice NIX took no part in the consideration or decision of this case.

---

[4] We take this occasion to reaffirm what was said in the single footnote to *Commonwealth v. Evans,* 434 Pa. 52, 56, n., 252 A. 2d 689 (1969), concerning the proper function of the trial judge when he is informed of a plea bargain *already reached* between the prosecutor and the defendant. See ABA Standards Relating to Pleas of Guilty §3.3(b) (Approved Draft, 1968).