402 A.2d 513

COMMONWEALTH of Pennsylvania

v.

**Wayne LOCHMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 29, 1978.

Decided April 20, 1979.

Anthony F. List, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, President Judge:

On July 22, 1972, a 16-year old youth was beaten severely by more than one person at a shopping center near his home. In connection with this beating, the appellant herein was arrested and subsequently indicted on charges of simple assault and battery, aggravated assault and battery, assault with intent to kill and conspiracy. After a jury trial the appellant was found guilty of all of the above-mentioned charges. Post-verdict motions were filed, argued and dis-

missed. Up to and including the sentencing procedure, appellant was represented by his privately retained counsel. On direct appeal to this Court appellant was represented by an assistant public defender from the Office of the Delaware County Public Defenders Office. A per curiam order by the Superior Court affirmed the judgment of sentence. *Commonwealth v. Lochman*, 231 Pa.Super. 792, 331 A.2d 526 (1975). Subsequently, appellant filed an appeal to the Pennsylvania Supreme Court for allowance of appeal from the judgment of the Superior Court and this was denied, per curiam, on May 20, 1975. On June 12, 1975, appellant filed a petition under the Post Conviction Hearing Act (PCHA),[1] but the petition was never reached nor decided on its merit. On March 1, 1977, the appellant, now represented by his third attorney, filed a subsequent petition under the Post Conviction Hearing Act. After a hearing was held on the petition, an order denying the requested relief was issued. It is from this dismissal of appellant's petition that the instant appeal is taken.

The appellant asserts two grounds for relief in this appeal. His first contention is that he was denied his constitutional right to effective assistance of counsel at trial. His second allegation is that the Commonwealth withheld certain purportedly exculpatory evidence which should have been made available to defense counsel. In support of his first contention, the appellant sets forth in his brief three ways in which trial counsel was allegedly ineffective: failure to call certain alibi witnesses, failure to interview the Commonwealth's witnesses prior to trial and failure to establish the appellant's "non-membership" in the "Warlocks Motorcycle Club."

Before evaluating the merits of appellant's arguments, it is initially necessary to address the issue of waiver. The Post Conviction Hearing Act provides that to be eligible for relief under that Act, the petitioner must establish, inter alia, that the claim upon which he seeks relief "has not been finally litigated or waived." Post Conviction Hearing Act § 3(d), 19 P.S. § 1180–3(d) (Supp.1978–79). For purposes of

---

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq. (Supp.1978–79).

the Act an issue is waived if the petitioner "knowingly and understandingly failed to raise it" on direct appeal and it could have been raised on direct appeal. Post Conviction Hearing Act § 4(b)(1), 19 P.S. § 1180–4(b)(1) (Supp.1978–79). The Act expressly provides for a rebuttable presumption that failure to appeal a ruling or to raise an issue is a knowing and understanding failure. Post Conviction Hearing Act § 4(c), 19 P.S. § 1180–4(c) (Supp.1978–79). However, if the petitioner can prove the existence of "extraordinary circumstances" justifying his failure to raise the issue, then the issue is not waived and may be heard and considered in a PCHA hearing despite petitioner's failure to raise it on direct appeal. Post Conviction Hearing Act § 4(b)(2), 19 P.S. § 1180–4(b)(2) (Supp.1978–79).

 It is settled law that the ineffectiveness of trial counsel can be raised on direct appeal. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). However, failure to raise on direct appeal the issue of ineffective trial counsel does not necessarily mean that such failure was "knowing and understanding." As the Pennsylvania Supreme Court stated in *Commonwealth v. Dancer, Id.*, claims of ineffectiveness of counsel may be raised in PCHA proceedings "1) where petitioner is represented on appeal by his trial counsel . . ., 2) where the petitioner is represented on appeal by new counsel, but the grounds upon which the claim of ineffective assistance are based do not appear in the trial record, 3) where the petitioner is able to prove the existence of other 'extraordinary circumstances' justifying his failure to raise the issue . . . or 4) where the petitioner rebuts the presumption of 'knowing and understanding failure'. . . ." *Id.*, 460 Pa. at 100, 331 A.2d 435. (Citations omitted.)

 It is appellant's argument that the grounds upon which his claim of ineffective assistance are based do not appear in the trial record and that, therefore, his right to raise that issue was not waived even though he was represented on appeal by new counsel. Our review of the record indicates that one of petitioner's claims of ineffectiveness of counsel—trial counsel's failure to call Mr. Carmen Della

Polla as an alibi witness for the appellant—was waived by virtue of his failure to raise it on direct appeal. At the time of trial, trial counsel filed a Notice of Alibi wherein he put the Commonwealth on notice of his intention to call, inter alia, Mr. Carmen Della Polla. Said notice is part of the trial record. During the trial, Mr. Della Polla's whereabouts were unknown despite trial counsel's repeated attempts to have him subpoenaed. Appellant now argues that trial counsel was ineffective because he failed to subpoena Mr. Della Polla or to request a continuance to gain further time to attempt to subpoena him. It is obvious from an examination of the trial record that Mr. Della Polla was listed as an alibi witness and was not called. Thus, the alleged ground of ineffectiveness appears on the record and could have been raised on direct appeal. Failure to do so under the facts of this case constitutes a waiver of this issue. The remainder of appellant's claims of ineffectiveness of counsel are not waived including his claim that further alibi witnesses should have been called.

Before addressing the balance of appellant's allegations of ineffectiveness, we must look to the standard to be applied in evaluating the effectiveness of counsel. The Pennsylvania Supreme Court first enunciated the standard against which trial counsel's actions are to be judged in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967) where the Court stated,

> "that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." (Emphasis in original.)

The Supreme Court stated clearly that a hindsight evaluation of whether other alternatives were more reasonable is not to be employed. Effective assistance of counsel has been denied if an independent evaluation of the record demonstrates that the particular course chosen by counsel had no reasonable basis designed to further his client's interest. *Commonwealth v. Wideman,* 453 Pa. 119, 366 A.2d 894 (1973).

■ Besides Mr. Della Polla, who never testified and three other persons who did testify as to an alibi, appellant argues in his brief that trial counsel should have called three additional individuals as alibi witnesses on his behalf.

However, trial counsel testified at the PCHA hearing that the appellant never provided him with the additional names. Trial counsel did interview all the alibi witnesses named by the appellant and used all of them at trial except Mr. Della Polla and a neighbor of the appellant who advised trial counsel at the time of the interview that she had no recollection of seeing appellant on the night in question. The PCHA court accepted the testimony of trial counsel as credible and credibility is for the court as factfinder. Furthermore, the testimony of three more alibi witnesses may have been cumulative to the testimony provided by alibi witnesses who did testify. Appellant may argue in retrospect that the better course of action might have been to call as many alibi witnesses as possible, however the standard of *Commonwealth ex rel. Washington v. Maroney,* supra, does not require that. A review of the trial record indicates that trial counsel explored and developed the defense of alibi. Accordingly, we find that trial counsel was not ineffective in the failure to secure additional alibi witnesses.

■ The appellant next argues that trial counsel was ineffective in failing to interview the Commonwealth's witnesses prior to trial. In support of his position the appellant relies upon *Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1976) in which the Pennsylvania Supreme Court held that counsel's decision not to interview or attempt to interview eye witnesses prior to trial constituted ineffective assistance of counsel. However, trial counsel in the instant case, unlike the counsel in *Mabie,* did *attempt* to interview eyewitnesses but was unsuccessful. Trial counsel testified at the PCHA hearing that he knew of the existence of some twenty eyewitnesses to the beating but until the time of the suppression hearing, neither he nor the district attorney's office nor the other defense attorneys knew who would identify whom. Trial counsel attempted to interview some

of the witnesses but was not permitted to do so by their parents. Furthermore, a private investigator retained by counsel for one of the co-defendants encountered the same negative reaction. There is no indication as in *Mabie* that trial counsel chose not to interview eyewitnesses, but rather that he was unsuccessful in his attempts to interview these witnesses. Moreover, lengthy pre-trial suppression hearings were held in the instant case at which Commonwealth identification witnesses testified. Thus any information which counsel may have acquired in a pre-trial interview was made available at the pre-trial suppression hearing. In sum, trial counsel was not ineffective in failing to interview witnesses prior to trial under the facts of this case.

Likewise, appellant's argument that failure of counsel to establish at trial that appellant was not a member of the Warlocks Motorcycle Club constitutes ineffectiveness is without merit. Appellant contends that since the eyewitnesses to the beating testified that the assailants were wearing clothing signifying their membership in the Warlocks, his counsel should have secured evidence establishing his non-membership. The record, however, reveals that trial counsel did pursue this avenue. At trial, appellant took the stand in his own defense and testified that he was not a member of the Warlocks Motorcycle Club. In an attempt to corroborate this testimony, trial counsel engaged in discussion with appellant's two co-defendants (who were both admitted club members) and their respective counsel, as to whether they would testify that appellant did not belong to the Warlocks. Both co-defendants declined to do so and indicated that no other club member would so testify because of fear of implicating themselves. Moreover, we share the lower court's view as to the questionable relevance of this evidence in the first place. As President Judge Catania concisely stated: "The issue at the time of trial was whether or not [appellant] was present at the scene of the beating. Three eyewitnesses positively identified the [appellant] as being at the scene. The issue was not [appellant's] membership in the Warlocks, but rather his presence at the scene." Lower court opinion at 6–7. Under all of these circumstanc-

es, trial counsel's decision not to secure further evidence of appellant's "non-Warlock" status was clearly founded upon a "reasonable basis." *Commonwealth ex rel. Washington v. Maroney*, supra, 427 Pa. at 605, 235 A.2d 349.

The appellant further argues that the Commonwealth withheld certain exculpatory evidence from the defense and that he is, therefore, entitled to a new trial. "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963); *Commonwealth v. Cain*, 471 Pa. 140, 369 A.2d 1234 (1977). Even absent a specific request, a prosecutor has the duty to make available to the defense evidence that is truly exculpatory, rather than merely favorable. *Commonwealth v. Gee*, 467 Pa. 123, 131, 354 A.2d 875 (1976). Exculpatory evidence is that which extrinsically tends to establish defendant's innocence of the crimes charged as opposed to that which, although favorable, is merely collateral or impeaching. *Id.*, 467 Pa. at 131, 354 A.2d 875. Therefore, evidence in the possession of the prosecution is not exculpatory merely because the defendant so labels it. *Id.*, 467 Pa. at 131, 354 A.2d 875.

The specific evidence in question is a statement given by Mr. Della Polla to an investigating police detective in March, 1973. In the statement which was read into the record in its entirety at the PCHA hearing, Mr. Della Polla indicated that the appellant came into the Belvedere Cafe on the night in question at about 10:45 P.M. The beating of the victim occurred at approximately 9:50 P.M. It is difficult to see how this statement can be considered exculpatory. It does not account for the time in which the actual beating took place. The crime occurred in a geographically contiguous municipality approximately one hour before. Because this statement does not tend to establish defendant's innocence of the crimes charged it is not exculpatory and thus the prosecution did not have an affirmative duty to make it available to the defense.

■ Appellant also alleges the existence of a second exculpatory piece of evidence which the prosecution retained in violation of the mandates of *Brady.* In support of his position, the appellant points to the testimony of Mr. Della Polla at the PCHA hearing in which Mr. Della Polla indicates that he spoke with another investigating police officer within a few days of the beating in July, 1972. Mr. Della Polla stated that he told this officer that he saw the appellant enter the Belvedere Cafe at approximately 9:45 P.M. However, the prosecution indicated at the PCHA hearing that it had no such statement in its files. Also, the alleged contents of the statement are inconsistent with Mr. Della Polla's statement given in March, 1973. The PCHA hearing took place in March, 1977, at which Mr. Della Polla purports to remember the contents of a statement given in July, 1972. It is more reasonable that Mr. Della Polla's memory of what occurred on July 22, 1972, was more accurate in March, 1973, than in March, 1977. The existence of exculpatory evidence has not been adequately demonstrated by the defense. Therefore, we find that the prosecution did not withhold any "Brady materials" from the defense.

Accordingly, the order of the lower court is affirmed.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.