429 A.2d 1135

COMMONWEALTH of Pennsylvania,

v.

**Earl PAIGE, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed May 15, 1981.

Arthur J. King, Assistant Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

SPAETH, Judge:

This is an appeal from an order denying, without a hearing, appellant's Post Conviction Hearing Act petition. Appellant pleaded guilty to robbery, burglary, aggravated assault, possession of an instrument of crime, conspiracy, forgery, and credit card violations. Appellant's counsel at the guilty plea proceeding never filed a motion to withdraw the pleas, nor did he perfect an appeal. With the assistance of new counsel, appellant filed a petition under the Post Conviction Hearing Act, alleging that his guilty plea counsel was ineffective in not filing a motion to withdraw the pleas, despite appellant's request that he do so, and that his pleas were not voluntary because counsel induced him to plead by assuring him that he would receive only a probationary sentence and an order requiring him to submit to an in-treatment drug program. We have concluded that the sentence for aggravated assault must be vacated because the record discloses that appellant, in fact, never pleaded guilty to that charge. We have further concluded that an evidentiary hearing should be conducted to determine whether appellant's guilty plea counsel was ineffective.

—1—

The guilty plea hearing was held on April 25, 1978. The Commonwealth's witness Filen Kloures testified that appellant struck her husband with a gun during the course of a burglary. N.T. April 25, 1978 at 22. This testimony provided the factual basis for appellant's pleas of guilty to the charges of robbery and aggravated assault. Appellant, however, denied that he ever struck the victim with a gun. The issue that we must decide is whether this denial affected appellant's pleas.

—a—

The charge of robbery was in two counts. The first count alleged that in the course of committing a theft, appellant inflicted serious bodily injury on the victim; the second count alleged that in the course of committing a theft, appellant threatened the victim with, or intentionally put him in fear of, immediate serious bodily injury.

Appellant was first questioned about the first count, as follows:

BY MS. HAGARTY [assistant district attorney]:

Q. Mr. Paige, you are charged first of all in this case with robbery. Robbery is when somebody in the course of committing a theft inflicts serious bodily injury upon another person or puts that person in fear of serious bodily injury or threatens to commit a felony of the first or second degree or inflicts bodily injury.

Do you understand that?

A. Yes.

Q. In this case the Commonwealth alleges that in fact on November 2, 1977 while committing a theft in the home of Mr. and Mrs. Kloures in Ambler, you did inflict serious bodily injury upon Charles Kloures by hitting him over the head with a gun.

Do you understand that you are entering a plea of guilty to that charge?

A. I don't remember that. I don't know nothing about no gun. I don't remember that.

Q. You don't remember hitting anybody over the head with a gun?

A. No.

Q. Do you understand that your plea of guilt is that you are admitting that?

A. I am not pleading about no gun.

N.T. April 25, 1978 at 44–45.

When it thus became apparent that appellant would not plead guilty to the first count, in that he would not admit that in the course of committing a theft, he had inflicted serious bodily injury on the victim, the assistant district attorney proceeded to question appellant about the second count, as follows:

> Q. Let me ask you another question. The Commonwealth also charges that you intentionally put in fear of immediate bodily injury Mr. Kloures.
>
> Do you understand by pleading guilty you are admitting that?
>
> A. Yes.
>
> Q. And that would be the second count in this case and although you are not willing to plead guilty to the first count, the Commonwealth will not press that, you are pleading guilty then to the second count, threatening him.

*Id.* at 45–46.

At this point, the lower court interjected, stating: "He is pleading guilty to it all. I can decide what he is pleading guilty to if I accept it." *Id.* at 46. With this, the colloquy concerning the charge of robbery concluded.

██ It is not apparent what the lower court meant by its interjection. It is nevertheless clear enough that as to the charge of robbery, appellant's denial that he struck the victim with a gun was immaterial. Although the denial precluded a plea of guilty to the first count of the charge of robbery, it did not preclude a plea of guilty to the second count, for even if appellant did not strike the victim with a gun, he nevertheless was guilty of robbery if he intended to put the victim in fear of immediate serious bodily injury,[1] as

---

1. Robbery is defined in the Crimes Code as follows:
 § 3701. Robbery
 (a) Offense defined.—
 (1) A person is guilty of robbery if, in the course of committing a theft, he:
 (i) inflicts serious bodily injury upon another;
 (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

alleged in the second count, to which appellant pleaded guilty.

-b-

The same may not be said of the effect of appellant's denial as regards his plea of guilty to the charge of aggravated assault. On this charge, the only colloquy was as follows:

> Q. You are charged with aggravated assault. Aggravated assault is where one attempts to or does cause serious bodily injury to another or by physical menace puts that person in fear of imminent serious injury. Do you understand that?
>
> A. Yes.

*Id.* at 48.

This colloquy was inadequate for several reasons.

■ First, appellant was never asked whether he pleaded guilty to the charge. Asking whether he *understood* the charge was not equivalent to asking whether he *pleaded* guilty to the charge.

■ Second, the definition of the charge was inaccurate. Aggravated assault is defined by the Crimes Code as follows:

> (iii) commits or threatens immediately to commit any felony of the first or second degree;
>
> (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or
>
> (v) physically takes or removes property from the person of another by force however slight.
>
> (2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.
>
> (b) Grading.—Robbery under subsection (a)(1)(iv) is a felony of the second degree; robbery under subsection (a)(1)(v) is a felony of the third degree; otherwise, it is a felony of the first degree. As amended 1976, June 24, P.L. 425, No. 102, § 1, imd. effective. 18 Pa.C.S.A. § 3701.
>
> Since a conviction of robbery under either § 3701(a)(1)(i) or § 3701(a)(1)(ii) is graded the same, there was no substantive difference between the first and second counts of the charge of robbery made against appellant.

(a) **Offense denied.**—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a police officer making or attempting to make a lawful arrest;

(3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer making or attempting to make a lawful arrest; or

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon.

18 C.P.S.A. § 2702.

It was therefore inaccurate to say to appellant that aggravated assault is committed if "[one] puts [a] person in fear of imminent serious injury." One must either *cause* or *attempt to cause* serious bodily injury to another. Intentionally putting a person *in fear* of such injury is not the same as attempting to *cause* such injury. For example, one can intentionally frighten another by pointing an unloaded gun at him; this would not, however, constitute aggravated assault since this act could not be considered an attempt to cause bodily injury.

■ Finally, appellant's denial that he struck the victim with a gun precluded a plea of guilty to aggravated assault, even if the two defects in the colloquy just remarked upon did not exist. As discussed above, in pleading to the second count of the robbery charge, appellant admitted that he "intentionally put [the victim] in fear of immediate bodily injury." Assuming that this admission may be considered part of the colloquy on the aggravated assault charge, still it could not constitute an admission to aggravated assault. Nowhere did appellant admit that he either caused or attempted to cause serious bodily injury to the victim.

It follows from these considerations that in fact appellant never pleaded guilty to the charge of aggravated assault.

This conclusion, moreover, is confirmed by reference to other parts of the record.

 Appellant's denial that he struck the victim with a gun was not limited to his response to questions on the robbery charge but permeated the colloquy. After appellant was asked questions regarding the charges of forgery and unlawful use of a credit card, and regarding his criminal record, the lower court informed appellant that he had the right to call witnesses on his behalf. Appellant again protested, not responsively, that he never struck the victim:

A. I didn't remember hitting anybody with a gun.

To this the court responded as follows:

Q. [BY THE COURT] Well, I said, as I am telling you, I am accepting the plea to everything that she [the witness] said. Is that satisfactory to you. *It is not saying you did it.*

A. All right.

Q. *The rest is true,* is that right?

A. As far as I know.

*Id.* at 53 (emphasis added).[2]

Appellant's counsel then asked appellant whether he understood "everything that has taken place," and appellant answered, "[e]xcept for the gun charge. I didn't understand that." *Id.* at 53.

2. Whether one may plead guilty to a crime while not expressly admitting every element of the crime is a complicated question, *see Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974); *Commonwealth v. Jackson,* 450 Pa. 417, 229 A.2d 209 (1973); *Commonwealth v. Sampson,* 445 Pa. 558, 285 A.2d 480 (1971); *Commonwealth v. Shank,* 224 Pa.Super. 484, 306 A.2d 925 (1973) which we need not consider. Appellant was literally coaxed into admitting his guilt by the trial judge's assurance that "it is not saying you did it." A plea of guilty is a total admission of guilt. *See Commonwealth v. Sanutti,* 454 Pa. 344, 312 A.2d 42 (1973). While the plea may be accepted where the defendant recognizes that the weight of the evidence is against him, *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), *Commonwealth v. Sampson,* 445 Pa. 558, 285 A.2d 480 (1971), there is no indication that appellant's concession to the court was due to his understanding that the Commonwealth could prove beyond a reasonable doubt that despite his denial, he had struck the victim with a gun.

The Commonwealth next offered in evidence appellant's statement to the police, and, following its admission, called the detective who had received the statement, which was in appellant's own handwriting. The detective testified that appellant had been advised of his constitutional rights before giving the statement, and had signed the statement. The lower court directed appellant's attention to a sentence in the statement, that "I had a gun which was unloaded," and asked appellant, "You wrote it, didn't you?", to which appellant answered, "Yes." *Id.* at 59. The court did not direct appellant's attention to the last sentence of the statement, which was, "Also let me add that I didn't hit greek [*sic*, referring to the victim] or his wife." Commonwealth's Exhibit C-2.

We have no doubt that appellant could have been *found* guilty of aggravated assault on the basis of the testimony of Mrs. Kloures that, despite his denials, he had in fact struck her husband with a gun. However, the lower court did not sentence appellant on the basis of a finding of guilt, but on the basis of a plea, and the colloquy shows that there was no such plea. The sentence for aggravated assault was therefore illegal, and must be vacated, and the case remanded for a new trial on the charge of aggravated assault.[3]

–2–

Appellant alleges in his PCHA petition that his counsel was ineffective because, although appellant asked him to,

3. When one pleads guilty, he is, in effect, confessing in a formal proceeding to the charges against him, and waiving all non-jurisdictional defects prior to the plea. *Commonwealth v. Sanutti,* 454 Pa. 344, 312 A.2d 42 (1973); *Commonwealth v. Tolbert,* 450 Pa. 149, 299 A.2d 252 (1973); *Commonwealth v. Irby,* 445 Pa. 248, 284 A.2d 738 (1971). The determination of guilt is based solely on the tendering of that plea, *Commonwealth v. Little,* 455 Pa. 163, 314 A.2d 270 (1974). Therefore, when no plea has been tendered, there can be no determination of guilt. Since a court has no power to impose a sentence that is not based on a determination of guilt, any sentence imposed without such a determination is illegal. Objections to an illegal sentence are not waived by failing to raise them in post-trial proceedings. *See Commonwealth v. Everett,* 277 Pa.Super. 323, 419 A.2d 793 (1980).

counsel did not help him either to withdraw his guilty pleas or to perfect an appeal. If this allegation is true, appellant has not waived his right to challenge his pleas. *Commonwealth v. Dancer*, 460 Pa. 95, 100, 331 A.2d 435, 435 (1975); *see also, Commonwealth v. Lochman*, 265 Pa.Super. 429, 402 A.2d 513 (1979); *Commonwealth v. Strader*, 262 Pa.Super. 166, 396 A.2d 697 (1978). Accordingly, a hearing should be held to determine whether appellant's allegation is true.

The Commonwealth says that appellant's allegation is "totally incredible." Brief for Commonwealth at 10. Perhaps it is, but there is nothing in the record on the basis of which either we or the lower court can say so, as, for example, the testimony of counsel. The Commonwealth also says that appellant should have gotten new counsel to help him withdraw his plea, since he had been informed by the lower court that if he wished, new counsel would be appointed. *Id.* If, however, appellant did ask counsel to withdraw his plea, he would have no reason to seek the appointment of new counsel, unless he had some reason to believe that existing counsel was not following his instructions, which again raises a factual issue that cannot be resolved without an evidentiary hearing.

We agree that no evidentiary hearing would be necessary if there were no reason to suppose that a motion to withdraw the pleas would be successful. In other words, even if appellant did ask counsel to withdraw his pleas, counsel could not be held ineffective for failing to do so if the motion to withdraw were sure to fail. *Commonwealth v. Strader*, 483 Pa. 183, 187, 394 A.2d 971, 974 (1978); *see also Commonwealth v. Strader*, 262 Pa.Super. 166, 396 A.2d 697 (1978); *Commonwealth v. Nahodil*, 212 Pa.Super. 77, 239 A.2d 840 (1968). Here, however, we cannot say that the motion would be sure to fail.

Appellant alleges that his pleas were not voluntary because his counsel induced him to plead by assuring him of a probationary sentence and an in-treatment drug program. Since we cannot determine the truth of this allegation on the record before us, appellant should have the opportunity to prove it at an evidentiary hearing. In *Commonwealth v.*

*Strader, supra,* the appellant claimed, as does appellant in this case, that his counsel unlawfully induced him to plead guilty by assuring him that he would receive a relatively light sentence. *Id.,* 262 Pa.Super. at 175, 396 A.2d at 702. In that case we said:

> Upon an examination of the record before us, we cannot say that appellant's claims are patently frivolous or without support on the record. Even though the Commonwealth disputes appellant's allegations and even though appellant stated at his guilty plea colloquy that his plea was not induced by anything other than the sentence agreement and that he was satisfied with the representation he received from his counsel, the record does not clearly refute appellant's claim that his plea was unlawfully induced.

> *Id.* 386 A.2d 702.

*See also, Commonwealth v. Knapp,* 212 Pa.Super. 560, 562, 243 A.2d 179, 180 (1968).

Accordingly, we enter two orders. First, we vacate the sentence for aggravated assault, and remand for trial on that charge. Second, we vacate the other sentences and remand with the following instructions: The court should conduct an evidentiary hearing and on the basis of the testimony received, determine whether appellant did ask his attorney to help him withdraw his guilty pleas. If the court finds that appellant did not make such a request, it should reinstate the sentences, for appellant will have waived his right to challenge his pleas. *Commonwealth v. Lochman,* 265 Pa.Super. 429, 402 A.2d 513 (1979); *Commonwealth v. Strader, supra; Commonwealth v. Schwartz,* 251 Pa.Super. 36, 379 A.2d 319 (1977); *Commonwealth v. Roberts,* 237 Pa.Super. 336, 352 A.2d 140 (1975). If, however, the court finds that appellant did make such a request, then it should permit appellant to file a motion to withdraw the pleas, and on that motion, determine whether appellant entered the pleas voluntarily and intelligently.

VAN der VOORT, J., files a concurring and dissenting opinion.

VAN der VOORT, Judge, concurring and dissenting:

On April 25, 1978, Earl Paige, Jr. pleaded guilty to charges of robbery, burglary, conspiracy, possession of instruments of crime, aggravated assault, forgery, and credit card violations. On June 27, 1978, sentences totaling fourteen to thirty years imprisonment were imposed. Appellant did not petition to withdraw his guilty plea, and did not take a direct appeal, but filed a petition on March 15, 1979 (and an amendment thereto on April 11, 1979) under the Post Conviction Hearing Act,[1] alleging that his trial counsel had been ineffective in failing to assist him in withdrawing the guilty plea or in taking a direct appeal, despite appellant's requests for such help, and that the guilty plea was invalid because 1) the record did not indicate appellant's understanding of the factual basis for the plea, 2) the elements of the crimes were not adequately explained to appellant, and 3) trial counsel induced the plea by assuring appellant that he would receive probation and/or placement in an in-patient drug program if he pleaded guilty.

A hearing on the petition was scheduled for May 11, 1979. On that date, the attorney for the Commonwealth appeared and stated that he wanted to call appellant's trial attorney as a witness, but that the attorney was recovering from a major operation and was unable to be there. The Commonwealth's attorney presented the court with a copy of a petition to dismiss the appeal, without a hearing, on the basis of waiver. The court granted appellant's request for time to prepare an answer to the Commonwealth's petition, and continued the matter. On May 24, 1979, the lower court dismissed appellant's PCHA petition without a hearing. Appellant now raises on appeal to our court essentially the same issues he raised in his PCHA petition.

At the guilty plea colloquy on April 25, 1978, the charge of aggravated assault was explained to appellant by the attorney for the Commonwealth as follows: "You are charged with aggravated assault. Aggravated assault is where one attempts to or does cause serious bodily injury to another *or*

1. 19 P.S. § 1180–1 et seq.

*by physical menace puts that person in fear of imminent serious bodily injury.*" (Emphasis added). The second part of this explanation was incorrect. In order to be found guilty of aggravated assault, a person must attempt to cause or actually cause bodily injury to someone. It is not sufficient to merely place the victim in fear of imminent serious bodily injury.[2] In addition, the factual basis for the charge was the testimony of one of the victims that appellant had struck the other victim with a gun. Appellant repeatedly denied that he had struck anyone with a gun.[3] It is thus apparent that appellant had meritorious arguments for a motion under Pa.Rule of Criminal Procedure 321 challenging the validity of his guilty plea with respect to the aggravated assault charges, and for a direct appeal if such motion were unsuccessful. These issues, along with issues regarding the validity of the plea with respect to the other charges, may have been waived by appellant's failure to file a motion challenging the validity of the plea (such motion being required by Pa.Rule of Criminal Procedure 321) or by appellant's failure to take a direct appeal. Appellant alleges, however, that he asked his trial counsel to assist him in withdrawing his guilty plea, and that counsel was ineffective for not assisting him. This case should therefore be remanded for an evidentiary hearing to determine the truth of this allegation. *Commonwealth v. Conley,* 232 Pa.Super. 432, 335 A.2d 721 (1975). If the court found that appellant did request that an appeal be taken, but that his attorney failed to file the appeal, there would be no waiver and the court would then have to proceed to the merits of appellant's arguments.

2. The Crimes Code provides, 18 Pa.C.S. § 2702(a):
 A person is guilty of aggravated assault if he:
 (1) attempts to cause serious bodily injury to another, or causes such bodily injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life . . . .

3. Although it is not entirely clear, it seems that appellant was denying having used a *gun* to hurt the victim, rather than denying having injured the victim at all. (Neither the complaint nor the information specifies that appellant struck the victim with a gun).

The Majority finds that appellant did not plead guilty to the charge of aggravated assault, that the lower court therefore did not have the power to impose a sentence on that charge, and that the sentence was therefore "illegal" and apparently subject to challenge at any time. Although the record clearly reveals appellant's disagreement with the factual basis for the plea to aggravated assault, and reveals the inaccuracy of the explanation of the elements of that offense, I disagree with the Majority's statement that appellant did not actually plead guilty. The lower court stated (as noted in the Majority's Opinion): "*I am accepting the plea* to everything that she [the victim-witness] said. *Is that satisfactory to you.* It is not saying you did it". Appellant replied, "*All right* ". (Emphasis added). The plea may not have been voluntarily and understandingly entered, but it does appear that appellant agreed to plead guilty.

Even assuming that a plea was not entered, I cannot agree with the Majority's disposition of this case, since appellant has not raised on appeal the specific issue decided by the Majority. Appellant—evidently conceding that a plea was entered—argues "that the guilty plea was not understandingly and voluntarily entered in that the elements of the crimes charged were not adequately explained to appellant, nor was the relationship between appellant's actions and the elements of the crimes charged adequately explained" and also "that the guilty plea was not understandingly and voluntarily entered in that there was no on-the-record exploration of appellant's understanding and agreement on the factual basis for the plea". Appellant does not argue either that he did not enter a plea or that his sentence was illegal. In *Wiegand v. Wiegand,* 461 Pa. 482, 485, 337 A.2d 256, 257 (1975), the Supreme Court reversed our Court's ruling that sections 11 and 46 of the Divorce Code were unconstitutional, stating: "Sua sponte consideration of issues deprives counsel of the opportunity to brief and argue the issues and the court of the benefit of counsel's advocacy". It would seem that the Majority is now deciding an issue that has not been raised in our Court.

148

This case should be remanded for a hearing to determine whether or not appellant waived his right to appeal. If the court found that there was no waiver, then it would be obligated to consider the arguments concerning the validity of the plea.