J-S67018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EMERY GIBSON | |
| Appellant | No. 379 WDA 2014 |

Appeal from the Judgment of Sentence December 6, 2011
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000966-2010

BEFORE:  DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JANUARY 07, 2015**

Appellant, Emery Gibson, appeals from the December 6, 2011 aggregate judgment of sentence of four to eight years' incarceration imposed after Appellant entered a negotiated guilty plea to charges in connection with the abuse of a 19-month-old victim.  Because the trial court sentenced Appellant on charges to which he did not enter guilty pleas, we vacate the judgment of sentence and remand for further proceedings.

From our review of the certified record, we recount the procedural history of this case as follows.  On May 16, 2010, Appellant was arrested and charged with numerous offenses in connection with his abuse of a 19-month-old child in his care.  Based on subsequent medical information, an amended criminal complaint was issued on May 24, 2010.  Those charges

_____

[*] Former Justice specially assigned to the Superior Court.

were bound over for court, and an information was prepared with the following charges: Count 1, rape of a child-serious bodily injury; Count 2, involuntary deviate sexual intercourse (ISDI) by forcible compulsion; Count 3, ISDI with a child; Count 4, ISDI with a child with serious bodily injury; Count 5, aggravated indecent assault of a child; Count 6, aggravated indecent assault without consent; Count 7, aggravated indecent assault by forcible compulsion; Count 8, aggravated indecent assault of a complainant less than 13 years old; Count 9, endangering the welfare of children by guardian; and Count 10, simple assault.[1]

On September 6, 2011, Appellant and the Commonwealth entered into a negotiated plea agreement. At the plea hearing, the Commonwealth explained the agreement was for Appellant to plead *nolo contendere* to certain charges. N.T., 9/6/11, at 3. The trial court rejected any *nolo contendere* plea unless Appellant professed a lack of memory. **Id.** The parties subsequently agreed Appellant would enter a guilty plea. **Id.** The Commonwealth then advised the trial court that, per the agreement, Appellant was entering a plea of guilty to Counts 5 through 10, and the Commonwealth would *nolle prosse* Counts 1 through 4. **Id.** at 5-6. In the plea agreement, the parties also agreed to the imposition of an aggregate sentence of four to eight years' incarceration. After performing a colloquy

_____

[1] 18 Pa.C.S.A. §§ 3121(d), 3121(a)(1), 3123(b), 3123(c), 3125(b), 3125(a)(1), 3125(a)(2), 3125(a)(7). 4304(a)(1), and 2701(a)(1), respectively.

with Appellant and hearing a recitation of the facts, the trial court accepted the pleas. *Id.* at 11.

At the December 6, 2011 sentencing hearing, the trial court indicated it had accepted pleas to Counts 2, 3, 4, 9, and 10, and that Counts 1, 5, 6, 7 and 8 were to be *nolle prossed*. N.T., 12/6/11, at 3. The trial court then imposed the negotiated sentence of four to eight years' incarceration for Count 2 and imposed no further penalty for the remaining counts. The Commonwealth then filed a motion to *nolle prosse* Counts 1, 5, 6, 7, and 8, which the trial court granted. Neither Appellant nor his counsel raised any objection at sentencing.

On December 15, 2011, new counsel entered her appearance and filed timely post-sentence motions on behalf of Appellant to withdraw his guilty plea. This Court further summarized the procedural events following the filing of the post-sentence motion as follows.

> [T]he motion went unaddressed for approximately ten months. On or about October 11, 2012, Appellant submitted a petition for special relief to this Court, which requested this Court to direct the Fayette County Clerk of Courts to deny his post-sentence motion by operation of law. On October 18, 2012, this Court ordered the Fayette County Clerk of Courts to proceed according to Rules 720(B)(3)(a) and 720(B)(3)(c) of the Pennsylvania Rules of Criminal Procedure, unless the Clerk of Courts believed there was a valid reason for not doing so, and it informed Appellant of that reason. The Fayette County Clerk of Courts responded on October 24, 2012, and informed Appellant that the Fayette County Clerk of Courts declined to deny his post-sentence motion by operation of law because

> Appellant did not properly serve the motion on the trial judge and comply with the Fayette County Local Rules. Appellant filed a petition with this Court for leave to file an appeal *nunc pro tunc*, in the absence of a trial court order. On December 7, 2012, this Court denied Appellant's petition, informing Appellant that if he filed a notice of appeal despite the absence of a Court of Common Pleas order, this Court would determine the jurisdictional propriety of the appeal at that time.

***Commonwealth v. Gibson***, 91 A.3d 1281 (Pa. Super. 2013) (unpublished memorandum at 2-3). Appellant filed a notice of appeal on January 15, 2013. This Court quashed the appeal for want of a final appealable order and remanded the case, directing the trial court "to consider and rule on Appellant's post-sentence motion." ***Id.*** at 6.

On remand, the trial court held a hearing on Appellant's post-sentence motions on January 15, 2014. At the hearing, Appellant's counsel, with the concurrence of the Commonwealth, sought to modify the relief sought in his post-sentence motion. N.T., 1/15/14, at 3, 8, 23. Appellant no longer wished to withdraw his plea. Instead, he asked the trial court to correct his sentence to be in conformity with his guilty plea. ***Id.*** at 7-8. Appellant argued it was improper for the trial court to sentence Appellant for IDSI at Counts 2, 3, and 4 when he never entered a plea to those charges. ***Id.*** at 26-27. Thus, the relief sought was for "the sentence [to] be modified and reissued in accordance with the plea that was offered and accepted on September 6, 2011." ***Id.*** at 26. The length of the sentence would remain the same but the charges to which it applied would be corrected. ***Id.*** At the

- 4 -

hearing, the Commonwealth stated it had no objection to the relief sought by Appellant.[2] *Id.* at 27.

On February 3, 2014, the trial court denied Appellant's amended *nunc pro tunc* post-sentence motion. Appellant filed a timely notice of appeal on March 5, 2014.[3] On appeal, Appellant raises the following issues for our review.

> 1. Was the sentencing proceeding invalid since [Appellant] was sentenced to counts that were not the counts in the plea agreement the court had accepted?
>
>   a. When a plea agreement is accepted, is a court permitted to sentence [Appellant] on counts to which he did not enter a plea?
>
>   b. Are [Appellant's] due process rights violated when he is sentenced in a manner that is inconsistent with a plea agreement that has been accepted by the court?

Appellant's Brief at 5.

As phrased, Appellant's issue implicates the enforceability of his plea agreement.

> In determining whether a particular plea agreement has been breached, we look to what the parties to this plea agreement reasonably understood to be the

_____

[2] In its appellate brief, the Commonwealth now opposes Appellant's claim for relief.

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate procedure 1925.

terms of the agreement. Such a determination is made based on the totality of the surrounding circumstances, and any ambiguities in the terms of the plea agreement will be construed against the Commonwealth.

***Commonwealth v. Hainesworth***, 82 A.3d 444, 447 (Pa. Super. 2013) (*en banc*) (internal quotation marks, brackets, and citations omitted), *appeal denied*, 95 A.3d 276 (Pa. 2014).

Instantly, the terms of Appellant's plea agreement are undisputed and were communicated to the trial court at the plea hearing. N.T., 9/6/11, at 4-6; ***see*** Written Plea Bargain, 9/6/11, at 1. In accordance with those terms, Appellant entered a guilty plea to indecent assault at counts 5, 6, 7, and 8, endangering the welfare of a child at count 9, and simple assault at count 10. ***Id.*** at 6. In exchange, the Commonwealth agreed to *nolle prosse* the charge of rape at count 1, and the IDSI charges at counts 2, 3, and 4. ***Id.*** The plea agreement further provided for a negotiated aggregate sentence of four to eight years' incarceration. ***Id.*** at 5. The trial court accepted the plea. ***Id.*** at 11.

At the subsequent sentencing hearing, the trial court stated the following.

> Secondly, I want to make it clear that the pleas I took were for [IDSI], [IDSI] with a child causing serious bodily injury, endangering the welfare of a child, and simple assault. It's my understanding that because he didn't admit to penetrating the child with a body part, the remaining charges[, Counts 1, 5, 6, 7, and 8,] are to be nol

- 6 -

> prossed, and we are going to proceed on Counts 2, 3, 4, 9 and 10….

N.T., 12/6/11, at 3. When asked by the trial court, "Is that your understanding…?" the Assistant District Attorney and defense counsel each responded, "Yes, Your Honor." *Id.* at 3-4. The trial court proceeded to sentence Appellant to the aggregate four to eight years' incarceration agreed to in the plea agreement, albeit on the revised counts. *Id.* at 5-9. Subsequently the Commonwealth filed a motion to *nolle prosse* Counts 1, 5, 6, 7, and 8, which the trial court granted. *See* Motion and Order for Leave to Enter Nol. Pros., 12/6/11, at 1-2.

Appellant claims this was error on the part of the trial court, arguing the following. "This situation violates [Appellant's] rights in two ways: 1.) the Commonwealth breached the plea agreement by changing the charges to which [Appellant] was going to plead; and 2.) the Commonwealth violated Pa.R.E. 410 by using information obtained during plea proceedings to justify modifying the plea." Appellant's Brief at 14.[4]

We agree with Appellant's first proposition that the Commonwealth failed to honor its plea agreement with Appellant by acquiescing in the trial

_____

[4] Appellant's second proposition is inapt to the posture of this case. Rule 410 addresses the admissibility of evidence. *See* Pa.R.E. 410 (declaring statements made during plea proceedings are not admissible in civil or criminal cases). Appellant's statements during his guilty plea have not been offered as evidence in any proceeding in this case.

court's sentence and failing to *nolle prosse* the charges in accordance with its agreement.

> Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement. Likewise, there is an affirmative duty on the part of the prosecutor to honor any and all promises made in exchange for a defendant's plea. Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.

*Commonwealth v. Anderson*, 995 A.2d 1184, 1191 (Pa. Super. 2010) (internal quotation marks, bracket, and citations omitted), *appeal denied*, 9 A.3d 626 (Pa. 2010).

However, although not argued in such context by Appellant, we conclude Appellant's issue implicates the legality of his sentence. "It is axiomatic that a court cannot impose a sentence without an adjudication of guilt." *Commonwealth v. C.L.*, 963 A.2d 489, 494 (Pa. Super. 2008); *see also Commonwealth v. Paige*, 429 A.2d 1135, 1140 n.3 (Pa. Super. 1981) (stating, "[s]ince a court has no power to impose a sentence that is not based on a determination of guilt, any sentence imposed without such a determination is illegal[]"). "A general definition of an illegal sentence is one that exceeds the jurisdiction or power of the sentencing court to impose."

*Commonwealth v. Tobin*, 89 A.3d 663, 668 (Pa. Super. 2014). "Issues relating to the legality of a sentence are questions of law…. Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Hawkins*, 45 A.3d 1123, 1130 (Pa. Super. 2012), *quoting* *Commonwealth v. Brougher*, 978 A.2d 373, 377 (Pa. Super. 2009), *appeal denied*, 53 A.3d 756 (Pa. 2012). "[C]hallenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by this Court." *Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa. Super. 2013), *quoting* *Commonwealth v. Randal*, 837 A.2d 1211, 1214 (Pa. Super. 2003) (*en banc*).

At the hearing on Appellant's post-sentence motion, the parties speculated that there had been communication between the Commonwealth and Appellant's plea counsel after the entry of the guilty plea and before sentencing to adjust the charges that were pled to pursuant to the plea bargain.[5] N.T., 1/15/14, at 21-22. The apparent purpose was to have the charges better coincide with Appellant's factual admission made during his guilty plea colloquy.[6] *Id.* at 5-6, 21-22. However, none of the purported

_____

[5] Neither of the attorneys participating in the January 15, 2014 hearing, were personally involved in the alleged communications. N.T., 1/15/14, at 21-22.

[6] When reviewing the factual allegations supporting the aggravated indecent assault charges at Counts 5, 6, 7 and 8, all based on a single act, the trial court asked Appellant what he used to penetrate the victim's anus. Appellant responded that he did not use any portion of his body, but used a
*(Footnote Continued Next Page)*

communications between the Commonwealth, defense counsel, and the trial court is in the certified record. Neither is there any indication in the record that Appellant was aware of or agreed to modify his plea. This Court may not consider items or circumstances that are not contained in the certified record. **Commonwealth v. Ross**, 57 A.3d 85, 96-97 (Pa. Super. 2012), *appeal denied*, 72 A.3d 602 (Pa. 2013), *citing* **Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008).

We conclude, based on the foregoing, that because no guilty plea or adjudication of guilt was entered against Appellant with respect to the IDSI charges at Counts 2, 3, and 4, the sentences imposed on those counts are illegal. **See Paige**, **supra**. Accordingly, we are constrained to vacate the December 6, 2011 judgment of sentence in this case and remand for further proceedings.[7] "An illegal sentence must be vacated." **Tanner**, **supra** (citation omitted).

*(Footnote Continued)* ———————————————

spoon. N.T., 9/6/11, at 7-8. It is an element of aggravated indecent assault that a defendant "engage[] in penetration, however slight, of the genitals or anus of a complainant **with a part of the [defendant's] body**…." 18 Pa.C.S.A. § 3125(a) (emphasis added). Deviate sexual intercourse is an element of IDSI and is defined in pertinent part as "penetration, however slight, of the genitals or anus of another person with **a foreign object**…." 18 Pa.C.S.A. § 3101 (emphasis added).

[7] The parties acknowledge that the trial court's sentences on Counts 9 and 10 do not violate the plea agreement. N.T., 1/15/14, 30-31. Nevertheless, we include the entire judgment of sentence in our holding to vacate and remand to avoid disturbing the trial court's entire sentencing scheme. **See Tanner**, **supra**, at 1048.

- 10 -

Although we vacate the judgment of sentence in this case, we must further consider the relief sought by Appellant relative to the scope of our remand. Appellant urges this Court to remand "for further proceedings in which the terms of the September 6, 2011 plea agreement are enforced." Appellant's Brief at 20. As discussed above, once a plea that is subject to a negotiated plea agreement is entered and accepted by the trial court, neither the Commonwealth nor the trial court may deviate from its express terms. **See Anderson**, **supra**. This admonition, however, does not obligate the trial court to continue its acceptance of the plea agreement if, upon proper grounds and prior to imposition of sentence, it determines the plea agreement is not acceptable. **See** Pa.R.Crim.P. 591 (providing in part, "any time before the imposition of sentence, the court may, in its discretion, … direct, *sua sponte*, the withdrawal of a plea of guilty … and the substitution of a plea of not guilty); **Commonwealth v. Herbert**, 85 A.3d 558, 565 (noting our appellate Courts, "have granted trial courts broad discretion in deciding whether to withdraw a guilty plea *sua sponte*"); **Commonwealth v. Rosario**, 652 A.2d 354, (Pa. Super. 1994) (*en banc*) (upholding the trial court's *sua sponte* withdrawal of defendant's guilty plea where a factual basis for the plea was lacking), *appeal denied*, 685 A.2d 547 (Pa. 1996).

Thus in light of all the foregoing, we vacate the December 6, 2011 judgment of sentence in this case and remand for further proceedings.

Upon remand, the trial court may impose sentence in accordance with Appellant's guilty plea and plea agreement. However, our decision herein shall not be construed to restrict the trial court's discretion under Pennsylvania Rule of Criminal Procedure 591. *See generally* Pa.R.Crim.P. 591.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/2015