J-S67019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VICTOR BORGES-RIVERA | |
| Appellant | No. 458 MDA 2015 |

Appeal from the Judgment of Sentence February 13, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001128-2013

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED JANUARY 05, 2016**

Appellant, Victor Borges-Rivera, appeals from the judgment of sentence entered on February 13, 2015, in the Court of Common Pleas of Berks County, following his open guilty plea to third degree murder[1] and criminal conspiracy.[2]  Additionally, Appellant's court-appointed counsel, Abby L. Rigdon, Esquire, has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The trial court aptly summarized the history of this case as follows.

---

[*] Retired Senior Judge assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 2502(c).
[2] 18 Pa.C.S.A. § 903(c).

On September 23, 2012, at approximately 2:00 a.m., [Appellant] was on the 200 block of Wood Street, Reading, Berks County, Pennsylvania with Miguel Rosario-Ramos and Jose Rivera-Aquirre (hereinafter, co-defendants). The three men encountered Luis Salas-Ramos (hereinafter, victim). The three agreed to and did assault the victim. They then put the victim into the back of a vehicle belonging to Jose Rivera-Aquirre and drove to a location where the victim was shot several times. The victim died as a result of his gunshot wounds. None of the three co-defendants admitted to being the shooter.

Consequently, all three co-defendants were charged with Murder of the First Degree, Murder of the Second Degree, Murder of the Third Degree, two counts of Aggravated Assault, Kidnapping, Unlawful Restraint, False Imprisonment, Conspiracy to commit the aforementioned charges, and Possessing Instruments of Crime. On February 13, 2015, [Appellant] entered a plea to Counts 5 and 6, Murder of the Third Degree and Conspiracy to Commit Murder of the Third degree. The plea was open as to the sentence. All three co-defendants accepted the same plea.

Trial Court Opinion, 4/13/15 at 1-2.

Although Appellant requested a ten to twenty year sentence, the trial court determined there were no mitigating factors and instead imposed a standard range twenty to forty year sentence. Appellant subsequently filed a post-sentence motion to withdraw his guilty plea, which the trial court denied. This timely appeal followed.

As noted, Attorney Rigdon has requested to withdraw and has submitted an ***Anders*** brief in support thereof contending that Appellant's appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal.

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

We note that Attorney Rigdon has substantially complied[3] with all of the requirements of **Anders** as articulated in **Santiago**. Additionally, Attorney Rigdon confirms that she sent a copy of the **Anders** brief as well as a letter explaining to Appellant that he has the right to proceed *pro se* or the right to retain new counsel. A copy of the letter is properly appended to Attorney Rigdon's petition. **See Commonwealth v. Millisock**, 873 A.2d 748, 749 (Pa. Super. 2005).

_____

[3] Attorney Rigdon does not state her reasons for concluding that the appeal is frivolous. Although counsel determines that there are no issues of arguable merit, she explains in the **Anders** brief that she "regretfully does not offer any argument in support of these issues, but instead sets forth the issues for the Court to determine whether any meritorious grounds for appeal exist…." **Anders** Brief at 10. This statement patently fails to conform with the requirement that counsel seeking permission to withdraw *must* "articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." **Santiago**, 978 A.2d at 361. But for the sake of judicial economy, we will proceed to address the issues set forth in the **Anders** brief. We remind Attorney Rigdon to more stringently comply with the requirements for withdrawal as set forth in **Santiago** in the future.

We now proceed to examine the issues counsel set forth in the ***Anders*** brief.[4]

    A. Was the sentence imposed in this matter excessive and an abuse of discretion which did not take into account the mitigating circumstances regarding the defendant as the judge determined there were no mitigating circumstances despite evidence of his lack of prior record, his remorse, the fact that he took responsibility, and was based merely on the nature of the offense without regard to the rehabilitative needs of the defendant?

    B. Did the trial court err in denying the post sentence motion to withdraw the guilty plea?

***Anders*** Brief at 6.

Appellant's first issue raised on appeal challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review this challenge on its merits." ***McAfee***, 849 A.2d at 274. "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal

---

[4] Appellant has not filed a response to Attorney Rigdon's petition to withdraw.

with respect to the discretionary aspects of a sentence." *Id*. "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id*. That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365. We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. *See id*. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*.

In the present case, Appellant's *Anders* brief contains the requisite Rule 2119(f) concise statement, and, as such, is in technical compliance with the requirements to challenge the discretionary aspects of a sentence. Initially, we note that although Appellant argues in his Rule 2119(f) statement that his sentence was "manifestly excessive in that it is grossly disproportionate to the crime," *Anders* Brief at 8, Appellant argues in his Statement of the Questions Involved and in the argument section of his *Anders* brief that the trial court "did not take into account the mitigating circumstances regarding the defendant." *Anders* Brief at 6, 11.

Appellant's claim that his sentence was excessive because the trial court failed to consider mitigating factors, which were of record, does not raise a substantial question for our review. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013), *appeal denied*, 91 A.3d

- 5 -

161 (Pa. 2014) ("Careful litigants should note that arguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected.").

To the extent Appellant argues that the trial court imposed an excessive and unreasonable sentence, without indicating which section of the sentencing code the trial court is alleged to have violated, this similarly fails to raise a substantial question. *See Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012), *appeal denied*, 62 A.3d 378 (Pa. 2013) ("[A] bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim."); *Commonwealth v. Bromley*, 862 A.2d 598, 604 (Pa. Super. 2004) (defendant did not raise substantial question by merely asserting sentence was excessive when he failed to reference any section of Sentencing Code potentially violated by sentence).

Counsel acknowledges in the *Anders* brief that the trial court imposed a standard range sentence. *See Anders* Brief at 12. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (internal citations omitted). Moreover, where, as here, the trial court has the benefit of a pre-sentence investigation report, "we can assume the sentencing court was aware of

relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Id*. at 171 (internal citations omitted). Therefore, we find no abuse of discretion in the trial court's imposition of sentence.

Appellant next argues that the trial court erred in denying his post-sentence motion to withdraw his guilty plea. We note that,

> [p]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

***Commonwealth v. Broaden***, 980 A.2d 124, 129 (Pa. Super. 2009) (internal quotes and citations omitted).

> To be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. [A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under [Pa.R.Crim.P.]Rule 590, the court should confirm, *inter alia,* that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts

the plea. The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

***Commonwealth v. Prendes***, 97 A.3d 337, 352 (Pa. Super. 2014), ***appeal denied***, 105 A.3d 736 (Pa. 2014) (internal quotes and citations omitted).

In the ***Anders*** brief, Appellant fails to articulate in what manner the denial of his post-sentence motion to withdraw his guilty plea resulted in manifest injustice. Appellant merely contends that his plea was not knowing or voluntary "as he felt threatened and therefore coerced by the possibility of a potential first degree murder conviction and a sentence of life imprisonment." ***Anders*** Brief at 12-13. We note that "a desire to limit one's penalty by pleading guilty is not a ground on which to base a claim of involuntariness." ***Commonwealth v. Siers***, 464 A.2d 1307, 1311 (1983) (citing ***Commonwealth v. Bhillips***, 380 A.2d 1210 (Pa. 1977)). That Appellant voluntarily chose to enter a guilty plea to lesser charges rather than risk proceeding to trial and risk receiving a greater prison term is not a factor of coercion. Likewise, although it is clear that Appellant is disappointed with the sentence he received following his guilty plea, "[d]isappointed expectations alone do not vitiate guilty pleas." ***Id***. (citing ***Commonwealth v. Sanutti***, 312 A.2d 42 (Pa. 1973)). Thus, Appellant's arguments fail to establish manifest injustice, and we can find no error in the trial court's refusal to grant the post-sentence motion for withdrawal.

After examining the issue contained in the ***Anders*** brief and after undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel is granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/5/2016