J-S02020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRENCE VERNELL BROWN | |
| Appellant | No. 1074 EDA 2015 |

Appeal from the PCRA Order April 1, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001238-2011

BEFORE:  SHOGAN, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 17, 2016**

Terrence Brown appeals *pro se* from the order entered in the Court of Common Pleas of Delaware County denying his petition filed under the Post Conviction Relief Act, (PCRA), 42 Pa.C.S.A. §§ 9541-9546..  After our review, we affirm.

The trial court set forth the facts of this case as follows:

On January 2, 2011 officers from the City of Chester Police Department were dispatched to a residence on Edgemont Avenue after a report of a burglary in progress.  Upon their arrival the officers heard screaming coming from inside the residence.  The officers covered both entrances to the home and then entered. The Petitioner was apprehended in a second-floor bedroom.  He was wearing a ski mask and a dark gray sweat suit.  After a brief struggle he was taken into custody.  His co-defendant Fareem Nelson was found hiding under the bed in the same room.  He was also arrested after a struggle and at that time he had a black ski mask in his pocket.

The [v]ictim reported that he arrived at his home after basketball practice that evening and that as he put his key in the

front door lock three males armed with handguns and wearing dark clothes and ski masks forced him into his residence and demanded money and guns. They tied the [v]ictim up and threatened to kill him and took $500.00. He was assaulted and suffered head and facial injuries that were treated later at Crozer Chester Medical Center. Two Smith & Wesson handguns with obliterated serial numbers, rubber gloves and restraints made of wire ties were recovered from the residence following the arrests.

Trial Court Opinion, 5/28/15, at 2.

Brown entered a negotiated guilty plea to charges of robbery, conspiracy to commit robbery and possessing an instrument of crime.[1] Pursuant to the plea agreement, various other charges were *nol prossed* and the Honorable James P. Bradley sentenced Brown to ten to twenty years' imprisonment followed by five years of probation. On direct appeal, Brown challenged the validity of his guilty plea. Brown claimed his attorney did not explain the ramifications with respect to other cases for which he was on probation or parole; he also claimed he was not colloquied by the court with respect to these ramifications. This Court affirmed, noting that the written guilty plea colloquy, which Brown acknowledged reviewing, specifically stated that pleading guilty to the crimes at issue could result in jail time for

_____

[1] The Commonwealth's brief erroneously states that the "[i]ssues of voluntariness of colloquy and guilty plea to *first degree murder* and conspiracy were previously litigated on direct appeal, so as to preclude relief under [the PCRA]. 42 Pa.C.S.A. § 9543(a)(2,3) (emphasis ours). **See** Appellee's Brief, at 7.

any crimes for which Brown was on probation or parole.[2] ***Commonwealth v. Brown***, 1564 EDA 2012 (Pa. Super. filed December 4, 2013) (unpublished memorandum). The panel concluded that Brown was informed of the consequences of pleading guilty as it related to cases for which he was already under supervision, and thus his claim was devoid of merit. Brown filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied. ***Commonwealth v. Brown***, 9 MAL 2014 (Pa. June 18, 2014).

On July 14, 2014, Brown filed a PCRA petition, which was denied on April 2, 2015. This appeal followed. Brown raises the following issues for our review:

> 1. Whether the trial court erred in participating in the plea negotiation held January 23, 2012 before the Honorable James P. Bradley, and trial counsel was ineffective for his failure to object to the trial court's participation in the

_____

[2] Paragraph 20 of Brown's written guilty plea colloquy states the following:

> If I was on probation or parole at the time the crimes to which I am pleading guilty or nolo contender were committed, my pleas in this case mean that I have violated my probation or parole and I can be sentenced to jail for that violation in addition to any sentences which I may receive as a result of these pleas.

Guilty Plea Statement, 1/24/12, at ¶ 20. Brown's initials appear on the line next to that paragraph and both he and his counsel signed and dated the written colloquy. The transcript of his oral colloquy reflects that Brown acknowledged reading and understanding the content of the written six-page, 29-paragraph guilty plea statement. N.T., Guilty Plea Colloquy, 1/24/12, at 21, 23-24.

guilty plea negotiation that he (petitioner) had previously rejected thus making the plea coerced, involuntary, and unknowingly entered?

2. Whether the trial court erred in its failure to make an on-the-record determination concerning the mandatory sentencing statute, 42 Pa.C.S.A. § 9714, if it was applicable, along with the court's failure to establish written and oral notice to seek the mandatory sentence, and trial counsel's ineffectiveness during the plea process and sentence phase?

3. Whether trial counsel was ineffective for failure to explain the advantages and disadvantages of accepting a plea of guilt, giving misinformation regarding the permissible range the petitioner was/is subjected to, abandoning his client all through the post-sentence stage, and trial counsel failed to amend petitioner's PCRA petition which resulted in trial court's dismissal and ultimately deprived petitioner of his chance at relief?

It is well-settled that "our review of a post-conviction court's grant or denial of relief is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error." *Commonwealth v. Gadsden*, 832 A.2d 1082, 1085 (Pa. Super. 2003) (*citing Commonwealth v. Yager*, 685 A.2d 1000, 1003 (Pa. Super. 1996) (en banc); *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003). To prevail on a petition for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances enumerated in 42

Pa.C.S.A. § 9543(a)(2).[3] *See Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011). These circumstances include the ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. *See Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) ("A person who elects to plead guilty is

---

[3]    (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

42 Pa.C.S.A. § 9543(a)(2)(i-iv).

bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.").

Here, the oral and written guilty plea colloquies belie Brown's claims. After our review of the parties' briefs, the record, and the relevant law, we conclude that the trial court's opinion properly disposes of Brown's issues on appeal. *See* Trial Court Opinion, 5/28/15, at 5-11.[4] We rely upon Judge Bradley's opinion to affirm the order denying PCRA relief, and we direct the parties to attach a copy of the opinion in the event of further proceedings.

Order affirmed.

_____

[4] We note that this challenge to a negotiated guilty plea comes particularly close to a recasting of the theory of error on direct appeal and adding on an allegation of ineffectiveness. A PCRA petitioner cannot obtain review of claims that were previously litigated by presenting new theories of relief, including allegations of ineffectiveness, to relitigate previously litigated claims. *See Commonwealth v. Bond*, 819 A.2d 33, 39 (Pa. 2002); *Commonwealth v. McCall*, 786 A.2d 191, 195-96 (Pa. 2001); *Commonwealth v. Copenhefer*, 719 A.2d 242, 253 (Pa. 1998). *See also Commonwealth v. Berry*, 760 A.2d 1164 (Pa. Super. 2000) (petitioner cannot obtain review of claims previously litigated on direct appeal by alleging ineffective assistance of prior counsel and presenting new theories in support of these claims).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/17/2016

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | **CP-23-CR-1238-2011** |
| | : | |
| vs. | : | |
| | : | |
| **TERRENCE BROWN** | : | |
| | : | |

**A. Sheldon Kovach, Esquire, on behalf of the Commonwealth**
**Terrence Brown, *pro se***

## O P I N I O N

Bradley, J.                                   FILED: 5·28·15

On January 24, 2012 Petitioner, Terrence Brown, pled guilty to robbery, conspiracy to commit robbery and possessing an instrument of crime. Pursuant to a negotiated plea agreement the remaining charges were *nolle prossed*[1] and an aggregate sentence of ten to twenty years of incarceration to be followed by five years of probation was imposed. This sentence does not include a mandatory minimum. Petitioner's co-defendant Fareed Nelson entered a negotiated guilty plea to the same terms on the same day and he was also sentenced in accordance with the terms of the identical negotiated plea. The facts that

---

[1] In addition to robbery, criminal conspiracy to commit robbery and possessing an instrument of crime the petitioner was charged with *inter alia*, aggravated assault (18 Pa.C.S.A. §2702), possessing a firearm without a license (18 Pa.C.S.A. § 6106), possessing a firearm with altered manufacture's numbers (18 Pa.C.S.A. § 6110.2), burglary (18 Pa.C.S.A. § 3502), false imprisonment (18 Pa.C.S.A. § 2903), prohibited offensive weapons (18 Pa.C.S.A. § 908) and resisting arrest (18. P.S. § 5104).

1



formed the factual basis for the plea, as stated in the Affidavit of probable Cause that is attached to the Criminal Complaint, follow.

On January 2, 2011 officers from the City of Chester Police Department were dispatched to a residence on Edgemont Avenue after a report of a burglary in progress. Upon their arrival the officers heard screaming coming from inside the residence. The officers covered both entrances to the home and then entered. The Petitioner was apprehended in a second-floor bedroom. He was wearing a ski mask and a dark gray sweat suit. After a brief struggle he was taken into custody. His co-defendant Fareem Nelson was found hiding under the bed in the same room. He was also arrested after a struggle and at that time he had a black ski mask in his pocket.

The Victim reported that he arrived at his home after basketball practice that evening and that as he put his key in the front door lock three males armed with handguns and wearing dark clothes and ski masks forced him into his residence and demanded money and guns. They tied the Victim up and threatened to kill him and took $500.00. He was assaulted and suffered head and facial injuries that were treated later at Crozer Chester Medical Center. Two Smith & Wesson handguns with obliterated serial numbers, rubber gloves and restraints made of wire ties were recovered from the residence following the arrests.

Petitioner pursued his right to a direct appeal. On appeal he claimed that his negotiated guilty plea was entered involuntarily because the Trial Court failed to include information regarding backtime that he would face on an earlier unrelated case if he was found to be in violation of his state parole as a result of his plea in the matter that is before

2

the Court. The Superior Court rejected this claim and judgment of sentence was affirmed on December 4, 2013.

On July 14, 2014 Petitioner filed the PCRA petition that is before the Court. Counsel was appointed. On February 3, 2015, appointed counsel filed an application to withdraw along with a "no-merit" letter. Appointed counsel was granted leave to withdraw on February 11, 2015 and at that time the Court gave the parties notice of its intent to dismiss the PCRA petition without a hearing and allowed the Petitioner an opportunity to respond within twenty days[2] as per Pennsylvania Rule of Procedure 907.

Petitioner's response to this notice was filed on March 23, 2015. On April 1, 2015 an Order dismissing the petition was entered[3] and on April 20, 2015 a timely *pro se* Notice of Appeal was filed, necessitating this Opinion.

In his *pro se* petition Petitioner alleged that both trial counsel and the Court "coerced" him into pleading guilty and therefore, the plea was not knowing, intelligent and voluntary. In support of this claim Petitioner alleged that trial counsel told him that he would get "40 years or more instead of the 10 being offered" if he went to trial. Additionally, it was alleged that trial counsel provided ineffective assistance for failing to object to the Trial Court's failure to make an on-the –record determination at the time of sentencing. regarding whether Petitioner was a "second strike" offender pursuant to 42 Pa.C.S.A. 9714(d). Petitioner also claimed that trial counsel provided ineffective assistance by failing to file a motion to dismiss pursuant to Rule 600.

---

[2] Petitioner requested an extension of time in which to file a response and that request was granted allowing Petitioner twenty days from the date of the March 9, 2015 Order in which to respond.
[3] On April 2, 2015 Petitioner's "Supplemental Objections to Judge's Order of Intent to Dismiss PCRA Petition Without a Hearing," was filed.

3

Section 9543 of the PCRA provides *inter alia* that to be eligible for relief a petitioner must plead and prove by a preponderance of the evidence that his conviction resulted from one or more of the enumerated errors or defects set forth in the Act. See e.g. Commonwealth v. Carpenter, 725 A.2d 154 (Pa. 1999). "[T]o succeed on an ineffective assistance of counsel claim, the petitioner must show: (1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. Where ineffective assistance of counsel is alleged the "circumstances of the particular case" include the totality of the evidence that was introduced at trial, and may also include facts concerning the prosecution of the case and the appellant's interactions with his lawyer." Id. Counsel will not be found ineffective in a vacuum. Where there is no factual predicate supporting the allegation that counsel provided ineffective assistance a petitioner's claim is without merit. See Commonwealth v. Thomas, 783 A.2d 328 (Pa. Super. 2001). In the context of a guilty plea, an appellant must show that plea counsel's ineffectiveness induced him to plea. If the defendant makes such a showing, his plea will be deemed involuntarily made and he will be permitted to withdraw the plea. Commonwealth v. Johnson, 875 A.2d 328, 331 (Pa. Super. 2005) (citations omitted).

The claim that trial counsel was ineffective in his representation has no arguable merit.[4]

---

[4] In his Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.C.P. 1925(b)" (sic) Petitioner raises a claim that PCRA counsel was likewise ineffective for failing to raise this issue. Claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal. See Commonwealth v. Colavita, 993 A.2d 874, 893 n. 12 (Pa. 2010); Commonwealth v. Pitts, 981 A.2d 875 (Pa. 2009); Commonwealth v. Henkel, 90 A.3d

4

Rule 600 of the Pennsylvania Rules of Criminal Procedure provides that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Excluded from the 365 day calculation is "any continuance granted at the request of the defendant or the defendant's attorney." See Commonwealth v. Jones, 886 A.2d 689, 700-01 (Pa. Super. 2005). See also Pa.R.Crim.P. 600(C).

The Criminal Complaint was filed on January 3, 2011. Therefore the "mechanical" rundate was January 3, 2012. Petitioner entered his negotiated plea on January 24, 2012. "Excludable time," that renders this claim meritless is apparent from the record. On April 25, 2011, May 16, 2011 and December 12, 2011 defense requests for continuances yielded 105 days of excludable time. In light of the foregoing Petitioner's guilty plea was entered well within the adjusted run date.

Petitioner's claim that trial counsel was ineffective for failing to object to the Court's failure to comply with the provisions of 42 Pa.C.S.A. § 9714 is patently frivolous. As a result of the negotiations the Commonwealth agreed to forego the imposition of a mandatory minimum sentence and therefore a record determination of Petitioner's eligibility was not required. Additionally, any claim that the Commonwealth's agreement to forego a mandatory

---

16, 20 (Pa. Super. 2014). A rule- based right to counsel exists throughout PCRA proceedings and Pennsylvania courts have recognized that this includes a right to effective representation. See id. See also Pa.R. Crim. P. 904(F)(2). Where PCRA counsel has been granted leave to withdraw from PCRA proceedings through the procedure established in Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), and a Notice of Intent to Dismiss has been entered by the court, a petitioner is required to raise any claims of PCRA counsel's ineffective representation within the 20-day response period. See e.g. Commonwealth v. Pitts, 981 A.2d 875 (Pa. 2009). Claims that are not preserved in this manner are waived. See also Commonwealth v. Rykard, 55 A.3d 1177 (Pa. Super. 2012) (allegations of PCRA counsel's ineffective assistance made in response to a notice of intent to dismiss that issued following appointed counsel's submission of a "no merit" letter "is not a second or serial petition, nor is it an amended petition. Rather, the claim is more properly viewed as an objection to dismissal." Id. at 1187. To add new non-PCRA counsel ineffectiveness claims leave to amend must be granted by the PCRA court.)

5

minimum sentence was illusory because Petitioner's prior criminal record did not include a crime of violence rendering Section 9714 inapplicable is meritless. Petitioner has failed to offer any evidence to support this claim and in fact, the record refutes this suggestion. The Sentencing Guidelines assign Petitioner a Prior Record Score of "8" based on two prior convictions for robbery. Petitioner bears the burden of proof in these proceedings and he has offered no proof which demonstrates that these convictions did not exist. The existing record demonstrates therefore that the Petitioner would in fact be subject to the provisions of 42 Pa.C.S.A. §9714, Sentences for second and subsequent offenses but for the negotiated plea and by entering this negotiated plea he avoided a mandatory sentence of at least ten to twenty years of incarceration for this robbery.

Similarly the claim that trail was ineffective for failing to object to the trial court's participation in plea negotiations resulting in an involuntary plea has no arguable merit. "[A] plea entered on the basis of a sentencing agreement in which the judge participates cannot be considered voluntary. Commonwealth v. Johnson, 875 A.2d 328, 331-32 (Pa. Super. 2005) citing Commonwealth v. Evans, 252 A.2d 689 (Pa. 1969). "'Participation', in the sense there used, denotes some active role in discussion or negotiation relative to a plea." Commonwealth v. Sanutti, 312 A.2d 42, 44 (Pa. 1973). The record colloquy, which Petitioner offers as evidence of this claim demonstrates that this plea was voluntarily entered. While the Court did in fact ensure that the Petitioner was fully informed of the terms of the plea on the record, this effort was made to eliminate any future claim that Petitioner might raise that trial counsel failed to advise him of the favorable terms of the deal that was offered. There is

6

no evidence that the Court actively participated in plea negotiations. <u>Compare</u>

<u>Commonwealth v. Johnson</u>, 875 A.2d 328, 331-32 (Pa. Super. 2005).

In <u>Johnson</u>, <u>supra</u>, the defendant was charged with twelve counts of robbery, violations of the Uniform Firearms Act and criminal conspiracy in connection with a three-month robbery spree.  He appeared before the Court for a scheduled plea but the defendant stated that "he had no intention of pleading." New counsel was appointed at the defendant's request and at the time of trial the defendant appeared ready to proceed. The terms of the Commonwealth's final offer were put on the record and it was rejected by the defendant.

The Superior Court concluded, based on the following, that the trial court actively persuaded the defendant to accept the plea and that trial counsel was ineffective for failing to object:

> Twelve pages of the hearing transcript document the court's persistent advisements, which included the following: that the Commonwealth's function was to protect Appellant's best interest; that the offer on the table was among the best he had ever witnessed as a jurist; that Appellant would be "extremely fortunate" if his other appeal garnered a new trial, let alone arrest of judgment, and that the new trial would likely end in another conviction with the possibility of consecutive sentences instead of the present offer's guarantee of a concurrent sentence; that Appellant was "fortunate to have such a cooperative D.A., he has taken into consideration that sentence in Delaware County"; and that Appellant would only be fifty-eight years old when he completes his thirty year sentence, and life would "go on." The court also criticized Appellant for "squabbling over two more years which has no impact whatsoever in what's going to go on in your life because of the sentence in Delaware County." When Appellant agreed to plead guilty, the court

7

declared "I think you made a wise decision, sir...." The court then imposed a sentence of ten to twenty years' imprisonment to run concurrently to his Delaware County sentence.

875 A.2d at 330.

In this case the defendants appeared before the Court on the date scheduled for trial. See N.T. 1/23/12. The prosecutor stated the terms of the offer for the record and he advised the Court and the defendants that each defendant had prior convictions for *crimin falsis* that could impact each defendant's decision to testify at trial. Id. at 6. Nelson told the Court that he was "not comfortable" with the attorney that was representing him. The Court advised Nelson that a new attorney would not be appointed on the eve of trial and that one of two events would occur: trial would commence or the defendants would accept the Commonwealth's offer and plead guilty. The Court advised Mr. Nelson against representing himself when he faced a sentence of possibly forty years but further indicated that it was his decision alone to make. Id. at 9-10. The Court noted that the terms of the plea were significantly more favorable than the defendants' exposure which could put them in jail for a minimum of forty years at which time the defendants' would be "a lot older than I am now." Id. at 5, 9. The Court's comments were brief and to the point. "All I'm going to do is tell you what your risk is. It's up to – if you want to take that risk, you know, I'm **not**[5] going to tell you shouldn't go to trial. You should take the offer. That's up to you because it's your life, not mine, but we're talking about some heavy, heavy time here. And there can be no new

[5] The Court has reviewed the 1/23/15 notes of testimony and compared the transcript with the audio from the hearing provided by the Delaware County Office of Electronic Recording. The Court found that Diaz Data Services erroneously failed to include the word "not" in its transcription. An Order has been entered this date amending the notes of testimony and copies of the audio CD, which has been made part of the record have been provided to the parties.

8

attorney. There's going to be a trial tomorrow morning or there's going to be a deal right now. That's basically the bottom line." Id. at 10. Turning to Petitioner, the Court continued, "Sir; did you hear everything? The same thing applies to you because you're looking at the same time. So you walk out of this room we'll see you tomorrow morning with the jury trial. We'll start at 10:00 and we'll be ready to go." Both defendants rejected the plea and the Court concluded its remarks, "Okay. All right. We'll see you tomorrow morning. Good luck, gentlemen." Id. at 10.

The next day, January 24, 2012 the defendants again appeared before the Court and the negotiated pleas were offered. N.T. 1/24/12 p. 3. After a thorough and complete colloquy of each defendant the pleas were accepted and the Court imposed sentences in accord with the negotiations. Id. at pp. 5-26.

In the course of the plea colloquy Petitioner stated that he was thirty years old, he has a GED, he can read, write and understand English. He acknowledged that he met with trial counsel on several occasions and he was satisfied with his representation. He had adequately discussed his case with counsel, and he understood his rights and understood that he was giving up his right to a jury trial and all of the rights that are associated. Id. at 14-18. Petitioner participated in the colloquy, making inquiries regarding the fact that wire ties were instruments of crime and asking whether restitution could be eliminated from the sentencing Order. Id. at 20-21. After counsel explained that restitution was among the terms offered by the Commonwealth Petitioner agreed and continued on with the plea offer. Id. at 23.

claim that trial counsel's ineffective representation induced an involuntary guilty plea should be rejected because it has no arguable merit.

BY THE COURT:

_James P. Bradley,_ _____ J.

FILED
2015 MAY 28 PM 2: 46
OFFICE OF JUDICIAL SUPPORT
DELAWARE CO PA

11